**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS   DIVISION**

| | |
|---|---|
| **MARK GLEN HAMRICK** | ) |
| | ) |
| v. | )   3-06-CV-2326-B |
| | ) |
| **ANTHONY WAYNE FOSTER** | ) |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge.  The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

On December 15, 2006, Mark Glen Hamrick filed his complaint in this action together with his motion for leave to proceed in forma pauperis.  Because his declaration of inability to pay costs provided insufficient information from which the court could determine whether he was a person entitled to proceed without payment of the $350.00 filing fee, the court filed an order on December 21, 2006, requiring Hamrick to execute a form affidavit with respect to his income and assets which was transmitted to him with a copy of the order.

Hamrick did not fill out and execute the affidavit within the time provided in the order nor did he submit payment for the filing fee.  Instead he submitted a declaration of inability to pay costs which was filed on January 22, 2007.  The declaration fails to provide any of the relevant information sought in the form affidavit transmitted with the December 21, 2006 order.  Irrespective of the definitions which Hamrick seeks to impose in determining his income and assets, it is clear that he has failed to provide information which entitles him to proceed in forma pauperis.  Moreover, his complaint seeks to recover damages predicated on alleged injury to his personal property to wit:

a restored 1965 Chevrolet Corvette to which he claims to hold title.  See complaint at page 5, ¶ 17. It is clear that either he owns a vehicle which has substantial value, even in a damaged condition, which precludes a finding of an inability to pay the filing fee or if he has falsely claimed to hold title to the vehicle as alleged in his complaint, that he has no standing to sue for damages to the vehicle.

**RECOMMENDATION**:

It is, therefore, recommended that the District Court deny Plaintiff's motion for leave to proceed in forma pauperis and that in the event that Hamrick fails to pay the $350.00 filing fee within twenty (20) days from the date of this recommendation that this action be dismissed without prejudice pursuant to Rule 41(b), Federal Rules of Civil Procedure.

A copy of this recommendation shall be transmitted to Plaintiff.

SIGNED this 9th day of February, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.