# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **MARK GLEN HAMRICK** | ) | |
| | ) | |
| v. | ) | 3-06-CV-2326-B |
| | ) | |
| **ANTHONY FOSTER** | ) | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the District Court's order of reference filed on October 23, 2007, came on to be considered Defendant Anthony Wayne Foster's Motion to Dismiss Under Rule 12(b)(6) filed on October 12, 2007, and the magistrate judge finds and recommends as follows:

Plaintiff's first amended complaint filed on August 13, 2007, alleges that Defendant Foster arrested him without probable cause on December 20, 2005 (false arrest) which resulted in the seizure and impoundment of his vehicle and his false imprisonment at the Dallas County Jail for two days. He seeks monetary damages on his false arrest and imprisonment claim, monetary recovery for damages to his vehicle and requests the federal grand jury to look into possible criminal activity engaged in by the Defendant. Hamrick has not filed a timely response to Defendant's motion.

Dismissal of a complaint pursuant to Rule 12(b)(6) is appropriate if the complaint fails to state a claim upon which relief can be granted. The magistrate judge concludes, for the reasons stated below, that Hamrick's property damage claim and his request for grand jury investigation be dismissed.

In *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908 (1981), the Supreme Court held that the taking of property under color of state law does not state a claim for violation of the Due Process Clause of the Fourteenth Amendment when the State provides a remedy to persons who claim to have suffered such a loss. In *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194 (1984), the Court held

that the unauthorized intentional deprivation of property did not violate the Due Process Clause when a post-deprivation remedy for loss is available. The holdings in these two cases have been consistently followed by the Fifth Circuit. *See e.g. Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1944) and *Myers v. Klevenhagen*, 97 F.3d 91, 94-95 (5th Cir. 1996). Although deprivation of property claims are brought most frequently by confined persons, the *Parratt/Hudson* doctrine applies equally to suits brought by citizens based upon a police officer's intentional taking of property. Since it is clear that the State of Texas provides an available post-deprivation remedy, *see* Tex.Civ. Prac. & Rem. Code §§ 101.001, *et seq*, Hamrick's claim for damages to his vehicle fails to state a claim for a federal constitutional due process violation.

Insofar as Plaintiff seeks a grand jury investigation, such a request fails to allege a cognizable claim for relief under 42 U.S.C. § 1983. Whether an indictment should be sought and whether an indictment should be returned are matters reserved to the Department of Justice and the federal grand jury, respectively.

Hamrick's final claim that he is entitled to monetary damages against Defendant Foster for false arrest and false imprisonment should be held in abeyance pending disposition of the criminal charges filed as a result of their interaction on December 20, 2005.[1] As made clear by the Supreme Court in *Wallace v. Kato*, ___ U.S. ___, 127 S.Ct. 1091 (2007), limitations period on these claims, which overlap one another, begins to run when the false imprisonment ends. In Hamrick's case, limitations began to run on December 23, 2005, the day after he was released from jail. *See* Plaintiff's First Amended Complaint at page 5, ¶¶ 25 and 26. Although it is clear that a plaintiff's

---

[1] As of August 13, 2007, when Hamrick's amended complaint was filed, he was still under indictment in Collin County, Texas. *See* Plaintiff's First Amended Complaint at page 5, ¶ 29.

claim that he was the victim of an illegal seizure states a cognizable basis for relief under § 1983, the disposition of the criminal charges based upon the incidents which occurred on December 20, 2005, may have a material bearing on the merits of his false arrest and false imprisonment allegations under such circumstances it is appropriate to stay this final aspect of Plaintiff's amended complaint pending disposition of the criminal case. *See Wallace v. Kato, supra,* 127 S.Ct. at 1098; *see also Johnson v. Knox*, 2007 WL 1975597 at *4 and n. 2 (N.D. Texas, July 5, 2007).

**RECOMMENDATION**:

For the foregoing reasons it is recommended that Defendant's motion to dismiss be granted in part and that Plaintiff's claim for damages to his 1965 Chevrolet Corvette and his request that criminal charges be brought against Defendant be dismissed pursuant to Rule 12(b)(6).

It is further recommended that the District Court order Plaintiff to file a status report within fifteen (15) days from the date he receives the order stating the then current status of all criminal charges brought against him arising out of incidents which occurred on December 20, 2005, and that Plaintiff file supplemental status reports every sixty (60) days thereafter reporting the then current

status of all such charges.

A copy of this recommendation shall be transmitted to Plaintiff and counsel for Defendant.

SIGNED this 16th day of November, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.